UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GE CHUN WEN<br>*on behalf of herself and others similarly situated*,<br><br>                              Plaintiff,<br><br>                       -against-<br><br>HAIR PARTY 24 HOURS INC.<br>     d/b/a Hair & Spa Party 24 Hours;<br>HAIR 24 HOURS, INC.<br>     d/b/a Hair and Spa Party 24 Hours;<br>JIHEE SPROOCH KIM<br>     a/k/a Jenny Kim<br>     a/k/a Ji Xi Kin, and<br>JIN WOO AHN<br>     a/k/a Jinu Sproch<br><br>                              Defendants. | 15cv10186 (ER) (DF)<br><br>**ORDER** |

**DEBRA FREEMAN, United States Magistrate Judge:**

The above-captioned matter has been referred to this Court by the Honorable Edgardo Ramos for a damages inquest, upon the default of defendants Hair Party 24 Hours Inc., d/b/a Hair & Spa Party 24 Hours ("Hair Party"), Hair 24 hours, Inc., d/b/a Hair & Spa Party 24 Hours ("Hair 24"), Jihee Sproch Kim a/k/a Jenny Kim a/k/a Ji Xi Kin ("Kim") and Jin Woo Ahn a/k/a Jinu Sproch ("Ahn"), (collectively, "Defendants"). In connection with this inquest, the Court has received submissions on damages from plaintiff Ge Chun Wen ("Plaintiff"), including a "damages calculation spreadsheet" that was requested by this Court after such a spreadsheet was referenced in Plaintiff's papers, but not initially provided. Even though Defendants have not filed any response – such that this Court could well proceed to make a recommendation on damages based on Plaintiff's submissions alone – this Court declines to do so absent further information from Plaintiff, as, upon review of Plaintiff's current submissions, this Court finds them to be confusing and internally inconsistent, making it impossible, at this point, for this

Court to replicate or understand certain aspects of Plaintiff's proffered damages calculations. Accordingly, it is hereby ORDERED that Plaintiff shall provide a further supplemental damages submission, no later than January 27, 2021, clarifying the following issues and revising her[1] calculations as necessary:

1.   Plaintiff is directed to clarify her daily work schedules, as her submissions are inconsistent as to the number of hours that, during different periods, she worked on Saturdays, and when or whether she ever worked on Sundays. (*Compare* Amended Complaint, dated Nov. 18, 2016 ("Am. Compl") (Dkt. 18) ¶ 28 (alleging that, from June 20, 2012 to October 30, 2015, Plaintiff worked 14-hour days on Mondays, Tuesdays, Wednesdays, Fridays, and *Saturdays*, and 10-hour days on Thursdays and *Saturdays*) *with* Affidavit of Ge Chun Wen in Support of Default Judgment Motion, sworn to Sept. 6, 2019) ("Wen Aff.") (Dkt. 33-1) ¶ 6 (stating that, for this same period, Plaintiff worked 14-hour days on Mondays, Tuesdays, Wednesdays, Fridays, and *Saturdays*, and 10-hour days on Thursdays and *Sundays*); *see also* Am. Compl. ¶ 30; Wen Aff. ¶ 8 (both asserting that, from November 1, 2015 to February 5, 2016, Plaintiff usually worked seven days per week and that she worked 14-hour days on Mondays, Tuesdays, Wednesdays, Fridays, and *Saturdays*, and 10-hour days on Thursdays and *Saturdays* – listing Saturday twice and omitting Sunday altogether).

---

[1] Plaintiff's submissions utilize various gender pronouns when referring to Plaintiff. Although the case caption states that Plaintiff purported to commence this action on behalf of "herself" and others similarly situated, and while Plaintiff's subsequent submissions at times uses the pronouns "she" and "her" to refer to Plaintiff (*see* Dkt. 28), other of Plaintiff's submissions use "he/him" (*see* Dkts. 18, 26-1) or "they/them" (*see* Dkt. 16), and, indeed, one of Plaintiff's filings use all three gender variants in a single submission (*see* Dkt. 33-2). Consistent with the case caption, this Court will use female gender pronouns to refer to Plaintiff herein, but Plaintiff is directed to clarify for the Court whether this is correct.

2. Plaintiff is directed to clarify how she calculated the hours per week that she worked during the period from November 1, 2015 through February 5, 2016, as this Court is unable to discern her methodology. Specifically, Plaintiff claims that, for this period, she was scheduled to work 14 hours per day, for five days per week (equaling 70 hours), plus 10 hours per day, for two days per week (equaling another 20 hours), for a total of 90 hours per week – but that she had one day off, which would vary each week. (Am. Compl. ¶ 30; Wen Aff. ¶ 8). This Court notes that, if the one day off had been a 14-hour day, then Plaintiff would have worked 76 hours per week. If, on the other hand, the one day off had been a 10-hour day, then Plaintiff would have worked 80 hours per week. As a final possibility, if Plaintiff's day off was sometimes a 14-hour day and sometimes a 10-hour day, then she would have worked some number of hours between 76 and 80 per week. Without any explanation, however, Plaintiff states that, for this period, she worked 72 hours per week (*see* Am. Compl. ¶ 31; Wen Aff. ¶ 9), a figure that appears to have been pulled from the air.

3. It appears that Plaintiff is taking the position that Plaintiff's weekly pay was intended to cover only the first 40 hours that she worked in a given work week. (*See* Aff[irmation] of Accounting of John Troy, Esq., dated Nov. 27, 2020 (Dkt. 53-1) ¶ 7(a)(ii)(3).) If the Court were to accept that position, then, based on Plaintiff's stated hours, it would appear that, at all relevant times, her base hourly rate was above the applicable minimum wage. In the Amended Complaint, however, Plaintiff claims to be entitled to damages for unpaid minimum wages, and, even if she has now abandoned that claim, she is still plainly seeking, in her inquest submissions, recovery of "spread-of-hours" pay under the New York Labor Law, § 650, *et seq.*, and N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.4(a) (*see* Memorandum of Law in Support of Plaintiff's Motion for Default Judg[]ment, dated Nov. 27, 2018 (Dkt. 33-2) at 4, 9, 11; Wen Aff.

¶ 15), despite the body of case law in this District holding that an employee is not be entitled to such pay absent a minimum-wage violation, *see, e.g.*, *Mei Chun Poon v. Apple NYC Corp.*, No. 17cv9647 (RA) (GWG), 2019 WL 75674, at *7 (S.D.N.Y. Jan. 2, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 64256 (Apr. 15, 2019); *Baltierra v. Advantage Pest Control Co.*, No. 14cv5917 (AJP), 2015 WL 5474093, at *6 (S.D.N.Y. Sept. 18, 2015). Plaintiff is directed to clarify her position on this point and, if she maintains her entitlement to minimum-wage and/or spread-of-hours pay, to provide legal support for her position.

4. Plaintiff is directed to serve a copy of this Order on Defendants forthwith, by a means reasonably calculated to reach them, and to file proof of such service on the Docket of this action.

5. <u>If Defendants wish to respond to Plaintiff's supplemental submission, then Defendants shall submit their response no later than February 12, 2021</u>.

6. As noted in this Court's prior Orders, defendants Hair Party and Hair 24 may not, as corporate entities, appear in this Court without an attorney. For this reason, any response to Plaintiff's supplemental submission that they may wish to file, including any request for a hearing with respect to that submission, must be made through counsel, in order for that response to be considered by the Court.

7. If the individual defendants, Kim and Ahn, wish to respond to Plaintiff's supplemental submission *pro se* (in other words, without counsel), then they may file responses by sending them to this Court's *Pro Se* Office in accordance with the attached filing instructions, which apply during the current period of the COVID-19 outbreak.

8. IF DEFENDANTS FAIL TO RESPOND TO PLAINTIFF'S SUPPLEMENTAL SUBMISSION BY FEBRUARY 12, 2021, THEN THIS COURT WILL PROCEED TO ISSUE

A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFF'S WRITTEN SUBMISSIONS ALONE.  FURTHER, THIS COURT WILL NOT HOLD A HEARING ON DAMAGES, UNLESS ANY DEFENDANT REQUESTS A HEARING, IN WRITING, BY FEBRUARY 12, 2021.  *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing"); *Fustok v. ContiCommodity Servs. Inc.,* 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

Dated:  New York, New York
       January 13, 2021

                                      SO ORDERED

                                      DEBRA FREEMAN
                                      United States District Judge

Copy to:

Plaintiff's Counsel (via ECF)

**Notice to Individual Defendants Regarding How To Make
*Pro Se* Filings During the Period of the COVID-19 Outbreak:**

The Court's *Pro Se* Office is not open for in-person visits at this time. Accordingly, until further notice by the Court, any *pro se* filings by defendants Kim or Ahn, including any response to this Order, should be made in one of the following three ways:

(1) <u>By email.</u> This is the fastest way to file documents at this time. To file by email:

   (a) The defendant must sign the document, either by signing before scanning or by typing his or her name after an s-slash, like this: "/s/ Jihee Sproch Kim" or "/s/ Jin Woo Ahn,"

   (b) the document must include the defendant's name, address, phone number, and email address (if available), and

   (c) the subject line of the email must state that it is a *pro se* filing, and include the case number, as follows: "*Pro Se* Filing –15cv10186."

   The response may then be emailed to the following email address: Temporary_Pro_Se_Filing@nysd.uscourts.gov
   Documents submitted by email that do not comply with these instructions will be disregarded.

(2) <u>By Drop Box.</u> If defendants Kim or Ahn are unable to email any materials that they wish to file, then the materials may be dropped off at the courthouse. The drop box is located in the lobby of the 200 Worth Street entrance to the Daniel Patrick Moynihan ("DPM") Courthouse, next to the security station, and is available 24 hours a day and 7 days a week to drop off filings. The Clerk's Office will retrieve drop box filings during the hours of 8:30 a.m. to 4:00 p.m., Monday through Friday. The materials should be clearly marked with the defendant's name and the case number.

(3) <u>By mail.</u> Defendants Kim and Ahn may still mail any papers to be filed to the DPM Courthouse, at the following address:

   *Pro Se* Intake Unit
   U.S. Courthouse
   500 Pearl Street
   New York, NY 10007.