UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GE CHUN WEN, *on behalf of himself and others similarly situated*

                 Plaintiffs,

– against –

HAIR PARTY 24 HOURS INC., d/b/a HAIR & SPA PARTY 24 HOURS; HAIR 24 HOURS, INC., d/b/a/ HAIR & SPA PARTY 24 HOURS; JIHEE SPROCH KIM, a/k/a JENNY KIM; AND JOHN DOE,

                 Defendants.

**OPINION AND ORDER**

15 Civ. 10186 (ER) (DCF)

Ramos, D.J.:

    Plaintiff Ge Chun Wen has brought this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and New York Labor Law ("NYLL"), §§ 190, *et. seq.*, and 650, *et seq*. Following Defendants' default, the Court referred this matter to the Honorable Magistrate Judge Debra C. Freeman for a damages inquest. Before the Court is Judge Freeman's Report and Recommendation ("Report" or "R&R"), recommending that judgment be entered against Defendants and setting forth the basis for damages, attorneys' fees and costs. Doc. 78. For the reasons stated herein, the Court ADOPTS the R&R in full and directs the entry of judgment as recommended.

    **I.**    **Background**

    Plaintiff first filed his complaint on January 10, 2016, and re-filed it due to a filing error on January 11, 2016. Docs. 1, 4. Plaintiff later filed an amended complaint on November 18, 2016. Doc. 18. This amended complaint alleged, *inter alia*, that Plaintiff was paid at a sub-

minimum wage rate, that he was owed overtime and "spread of hours" wages, and that Defendants did not provide wage notices or wage statements, as required by NYLL. *See generally id*. After Defendants failed to appear, Plaintiff filed a motion for default judgment on January 3, 2019. Doc. 32. This was denied without prejudice on September 18, 2019. Doc. 37. The Court granted a subsequent default motion on December 6, 2019. Doc. 45. The Court referred the case to Judge Freeman for an inquest into damages and attorneys' fees and costs on the same day. Doc. 46.

Judge Freeman issued the R&R on May 17, 2021. Doc. 78. The Report and Recommendation included notice to the parties that any objections must be filed within fourteen days. *Id.* at 51–52. No objection has been filed. The parties have therefore waived their right to object to the R&R. *See Dow Jones & Co., Inc. v. Real-Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir. 1992); *Caidor v. Onondaga Cnty*, 517 F.3d 601, 604 (2d Cir. 2008)).

II. **Standard of Review**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95 Cr 1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has

timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

### III. The Report and Recommendation

No party has objected to the R&R. The Court has reviewed Judge Freeman's thorough and well-reasoned Report and finds no error, clear or otherwise.

### IV. Conclusion

The Court therefore ADOPTS Freeman's R&R, Doc. 78, in its entirety. In addition, the parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa-Grund*, No. 06 Civ. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile*, 121 F.3d at 38).

Pursuant to the R&R, the Clerk of Court is respectfully directed to enter judgment against Defendants, jointly and severally in the following amounts:

1. $190,005.00 in unpaid overtime wages;
2. $190,005.00 in liquidated damages;
3. Prejudgment interest on the unpaid wages set out in paragraph 1, above, in the amount of:
    a. $116,938.97 up to February 11, 2021, plus
    b. Additional prejudgment interest to be calculated by the Clerk of Court, at a rate of nine percent per annum, from February 11, 2021 through the date of final judgment;
4. $10,000 in statutory damages for failure to provide wage statements and wage notices;
5. $13,594.05 in attorneys' fees; and
6. $400.00 in costs.

The Clerk of Court is further directed to close this case.

Plaintiff's counsel is instructed to serve a copy of this Order on Defendants by means reasonably calculated to reach them, and to file proof of such service on the Docket of this action, no later than July 9, 2021.

It is SO ORDERED.

Dated: July 2, 2021
New York, New York

Edgardo Ramos, U.S.D.J.